Noah G. Hillen, ISB No. 7690
CHAPTER 7 BANKRUPTCY TRUSTEE
P.O. Box 6538
Boise, ID 83707
Telephone (208) 297-5774
Facsimile (208) 297-5224
ngh@hillenlaw.com

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

In Re:

CHRISTENSEN, DOROTHY MARIE

        Debtors.

Case No. 19-00603-TLM
Chapter 7

**TRUSTEE'S SECOND OBJECTION TO EXEMPTION**

**NOTICE OF OBJECTION AND OPPORTUNITY TO OBJECT AND FOR A HEARING**

**No Objection.** The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within **14** days of the date of service of this notice.

If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

**Objection.**  Any objection shall set out the legal and/or factual basis for the objection. A copy of the objection shall be served on the movant.

**Hearing on Objection.** The objecting party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

TO THE ABOVE NAMED COURT, THE DEBTORS AND DEBTORS' ATTORNEY:

**NOTICE**

    YOU ARE HEREBY NOTIFIED that the Trustee of the above estate objects to the following exemption(s) claimed by the debtor(s) in this proceeding:

| Asset | Specific Law | Value of Exemption |
|---|---|---|
| 529: Edward Jones | C.C.P. § 703.140(b)(10)(E) | $11,000.00 |

**TRUSTEE'S SECOND OBJECTION TO EXEMPTION - 1**

YOU ARE FURTHER NOTIFIED that the Trustee will ask the Court to grant an Order sustaining the objections without further hearing unless a written reply to the Trustee's objection is filed in duplicate within fourteen (14) days from the date this objection is mailed.  File the original (1) with the U.S. Bankruptcy Court, 550 W. Fort St., MSC 042, Boise, ID 83724; and (2) a copy with the Trustee.  A written response to the Trustee's objection must be set for hearing and notice thereof mailed to parties in interest.

## OBJECTION

Trustee objects to the Debtor's claim of exemption in the above-listed Section 529 funds (the "Funds"), as the Funds are not covered by the exemption statute listed.  More specifically, the Funds are not an allowable contribute to a plan that qualifies under Section 401(a), 403(a), 403(b), 408, or 408A of the Internal Revenue Code of 1986.  California law does not exempt Section 529 accounts from the collection efforts of a creditor.  *O'Brien v. AMBS Diagnostics, LLC*, 246 Cal.App.4th 942, 945 (Cal. App. 2016).  The exemption should be disallowed.

Further, Trustee has made demand on Debtor for return of the Funds in lieu of Trustee initiating an adversary proceeding to avoid the transfer of the funds.  The Funds are therefore subject to 11 U.S.C. § 522(g).  *Glass v. Hitt (In re Glass)*, 60 F. 3d 565, 568-69 (9th Cir. 1995).

Date:  July 22, 2019 　　　　　　　　　　　　　　/s/  Noah G. Hillen
　　　　　　　　　　　　　　　　　　　　　　　　Chapter 7 Bankruptcy Trustee

**TRUSTEE'S SECOND OBJECTION TO EXEMPTION - 2**

## CERTIFICATE OF SERVICE

      I hereby certify that on this date as indicated below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the individuals so noted below. I further certify that, on the same date, I have mailed by United States Postal Service the foregoing document to the following non-EM/ECF Registered Participant(s) either listed below or on an attached list.

*Electronic Notification*

**Holly E Sutherland**    holly@averylaw.net, sutherlandhr76113@notify.bestcase.com;averybklaw@gmail.com;holly@bankruptcylawid.com; boise@averylaw.net;twinfalls@averylaw.net;lawar78055@notify.bestcase.com

*Served by U.S. MAIL*

CHRISTENSEN, DOROTHY MARIE
8660 W PINE VALLEY LANE
BOISE, ID 83709

                                  /s/ Noah G. Hillen
                                  Date: July 22, 2019

**TRUSTEE'S SECOND OBJECTION TO EXEMPTION - 3**