Holly Sutherland ISB No. 9521
Attorney at Law
Avery Law
3090 E. Gentry Way, Ste. 150
Meridian, ID 83642
Telephone: (208) 639-9400

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

In Re: ) Case No. 19-00603-TLM
)
Dorothy Marie Christensen, )
) OBJECTION TO TRUSTEE'S
) FIRST AMENDED OBJECTION TO
) EXEMPTION
Debtor. )
_____ )

Comes now, Dorothy Marie Christensen ("Debtor"), by and through her counsel of record, Holly Sutherland of Avery Law, and hereby objects to Trustee's First Amended Objection to Exemption (Dkt. No. 25) as follows:

1. Debtor filed for Chapter 7 bankruptcy relief on May 29, 2019. Debtor lived in California until moving to Idaho in June 2018 and claimed California exemptions on her bankruptcy schedules.

2. On April 12, 2019, Debtor sold 69 shares of Home Depot stock generating $14,051.19 in proceeds. Debtor deposited the proceeds into an Edward Jones investment account on May 7, 2019. On May 22, 2019, Debtor contributed $7,000 from the investment account to a Roth IRA ("IRA") maintained by Edward Jones.

3. Debtor listed the Edward Jones IRA on Schedule B and claimed the funds exempt on

Schedule C pursuant to C.C.P. § 703.140(b)(10)(E).

4. On July 22, 2019, Trustee objected to Debtor's Claim of Exemption (Dkt. No. 19) based on Debtor being ineligible to contribute to an IRA in 2019 due to not having earned income in the taxable year as required for a contribution to an IRA. That same day, Trustee sent a letter to Debtor demanding turnover of the IRA funds to the bankruptcy estate.

5. On July 29, 2019, Debtor amended Schedule C (Dkt. No. 24) to claim the funds in the Edward Jones IRA exempt under California's wildcard exemption, C.C.P. § 703.140(b)(5). On August 21, 2019, Trustee filed Trustee's First Amended Objection to Exemption (Dkt. No. 25) again asserting Debtor's claim of exemption should be disallowed as Debtor was not eligible to contribute to the IRA pursuant to IRC § 219(b)(1)(A) and the funds are subject to 11 U.S.C. § 522(g).

## ARGUMENT

**A. Debtor's claim of exemption on funds held in Debtor's Edward Jones IRA should be allowed because Debtor retains an interest in the funds and C.C.P. § 703.140(b)(5) allows individuals to claim an exemption in any property up to a maximum dollar amount.**

Although unaware at the time the contribution was made to the IRA, Debtor does not dispute that she was ineligible to contribute $7,000 to an IRA in 2019 due to not having earned income in 2019. IRC § 219(b)(1)(A) permits individuals to contribute the lesser of $7,000 or "an amount equal to the compensation includible in the individual's gross income for such taxable year." Debtor is a social security recipient and does not expect to receive earned income for taxable year 2019.

Upon learning that she was ineligible to contribute funds to an IRA and thus claim the funds exempt under C.C.P. § 703.140(b)(10)(E), Debtor amended her Schedule C (Dkt. No. 24) to claim the funds exempt under California's wildcard exemption, C.C.P. § 703.140(b)(5). C.C.P.

§ 703.140(b)(5) allows individuals to claim an exemption in *any* property up to $1,425 plus any unused portion of the homestead exemption up to a maximum amount of $26,800. (Emphasis added.) Because Debtor does not own the property in which she resides, Debtor is able to include the unused portion of the homestead exemption in the amount she can claim as a wildcard. Thus, Debtor claimed the entire $7,000 in the Edward Jones IRA exempt under C.C.P. § 703.140(b)(5).

California's wildcard exemption is broad and covers "any property" in which Debtor has an interest. While Debtor may not be eligible to make a qualified contribution to an IRA in 2019, she continues to have an interest in the account funds. Debtor does not lose her interest in those funds simply because her contribution limit to an IRA for 2019 is $0. Rather any contributions made to an IRA in excess of the amount allowable as a deduction under IRC § 219 are considered "excess contributions." 26 U.S.C. §4973(f). Excess contributions are generally taxed with a six-percent excise tax each year until they are withdrawn from the IRA or applied towards the contribution limits of the taxpayer in future years. *In re Smith,* 570 B.R. 844, 850 (May 12, 2017) (citing 26 U.S.C. § 4973(a)). Taxpayers have until the deadline for filing a tax return for the taxable year in which the excess contribution is made to remove the contributions to avoid the penalty. Nowhere in the law governing excess contributions does it state that an individual loses her interest in the funds simply because she deposited money into an IRA above the allowable amount. Thus, Debtor's claim of exemption in the funds deposited in the IRA account should be allowed under C.C.P. § 703.140(b)(5).

In *In re Smith,* this Court held that money deposited into a U.S. Bank IRA from the sale of life insurance proceeds was not a pension, annuity, or retirement allowance accrued under a plan described in IRC section 408 as required to claim an exemption under Idaho Code § 11-604A. 570 B.R. at 853. Idaho Code § 11-604A protects retirement income from execution,

attachment, or garnishment from creditors. There, as here, Debtors did not have earned income in the taxable year in which the funds were contributed to the IRA causing their eligible contribution amount to the IRA to be $0. *Id.* Due to having no earned income and not fulfilling the requirements for a rollover contribution, the Court disallowed Debtors' claim of exemption under Idaho Code § 11-604A. *Id.* At 854.

Unlike *Smith,* Debtor is claiming the funds in the Edward Jones IRA exempt under California's wildcard statute, C.C.P. § 703.140(b)(5). California's wildcard exemption does not limit the nature of the property that an individual is allowed to claim as exempt. Rather C.C.P. § 703.140(b)(5) allows a debtor to claim an exemption on any property in which she has an interest. Because Debtor continues to hold at bottom an equitable interest in the funds held in her Edward Jones IRA, Debtor's claim of exemption should be allowed.

**B. Trustee's Objection to Debtor's Claim of Exemption Should Be Overruled Because the Funds Held in the Edward Jones IRA are Not Subject to 11 U.S.C. Section 522(g).**

Trustee asserts that the funds in the Edward Jones IRA are subject to 11 U.S.C. § 522(g) because the Roth IRA account is a self-settled trust that is a separate entity from the Debtor. Debtor disputes this on two fronts. First, a trust was not created pursuant to the requirements under 26 U.S.C. § 408(a). Second, the Debtor did not transfer her interest in property such that Trustee may avoid the transfer.

1. The Edward Jones Roth IRA does not meet the requirements to create a trust under 26 U.S.C. § 408(a).

The funds in the Edward Jones Roth IRA are not subject to 11 U.S.C. § 522(g) because a trust was not created pursuant to the requirements of 26 U.S.C. § 408(a). 26 U.S.C. § 408(a) reads in relevant part "the term 'individual retirement account' means a trust created or organized in the United States for the exclusive benefit of an individual or his beneficiaries, but only if the

written governing instrument creating the trust meets the following requirements: (1) . . . no contribution will be accepted unless it is in cash, and contributions will not be accepted for the taxable year on behalf of the individual in excess of the amount in effect for such taxable year under section 219(b)(1)(A)." As set forth above, the amount Debtor was eligible to contribute for 2019 based on her earned income is $0. Thus, Debtor contributed more than the amount allowed under section 219(b)(1)(A). Pursuant to the language of section 408(a), an individual retirement account is a trust only if it meets the requirements that no excess contributions are accepted for the taxable year on behalf of the individual. Excess contributions in the amount of $7,000 were contributed to the IRA, therefore, it does not meet the requirements of a trust. Because the IRA does not meet the requirements of a trust, it is not a separate entity from the Debtor and the contribution to the IRA is not a transfer avoidable by the Trustee.

2. <u>Debtor's Deposit of Funds Into the IRA Does Not Constitute a Transfer Recoverable by the Trustee Under Section 522(g).</u>

Assuming arguendo that the IRA does meet the requirements for a self-settled trust, the deposit of funds to the Edward Jones IRA is not a transfer recoverable by the Trustee under section 522(g) because Debtor continues to hold an equitable interest in the assets of the trust. Section 522(g) requires a transfer of property in a manner that gives rise to Trustee's avoiding powers. *Hitt v. Glass (In re Glass),* 164 B.R. 759, 764 (9th Cir. BAP 1994), *aff'd,* 60 F.3d 565 (9th Cir. 1995). A "transfer" is "each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with - (I) property; or (ii) an interest in property." 11 U.S.C. § 101(54)(D). Debtor did not transfer non-exempt funds to exempt funds. Based on Debtor living in California during the relevant period, Debtor would have been able to claim the proceeds from the sale of the Home Depot stock exempt under California's wildcard exemption. Debtor then deposited the would-be exempt proceeds in an Edward Jones investment account

where they would remain exempt under the wildcard statute. Finally Debtor contributed a portion of these funds from the investment account into the IRA. Because Debtor retains an interest in the IRA funds, she claims them exempt under the California wildcard statute. Based on Debtor being able to claim the full amount of the wildcard exemption on these funds, Debtor's deposit of funds into the IRA did not reduce the amount of funds available to creditors or reduce the amount of the estate. Debtor simply moved funds from one exempt asset to another.

Additionally Debtor did not transfer her equitable or beneficial interest in the funds deposited into the IRA. Edward Jones, as the custodian of the account, manages and maintains the funds in the IRA for the benefit of the Debtor. Debtor did not dispose of or part with her interest in property as required for a transfer giving rise to Trustee's avoiding power. Because no transfer of Debtor's interest in the property occurred, Debtor should not be precluded from claiming the funds deposited in the IRA as exempt under the wildcard exemption, C.C.P. § 703.140(b)(5).

Wherefore, good cause appearing, Debtor hereby moves that the Trustee's Objection to Claim of Exemption be denied.

DATED this 9th day of September, 2019.

/s/
Holly Sutherland
Attorney for Debtor

## CERTIFICATE OF SERVICE

COMES NOW, Crystal M. Robertson, and hereby certifies that on September 9, 2019, I electronically filed the Debtor's Objection to Trustee's First Amended Objection to Debtor's Claim of Exemption using the CM/ECF system, which sent a Notice to the following persons:

Noah Hillen @ ngh@hillenlaw.com

U.S. Trustee @ ustp.region18.bs.ecf@usdoj.gov

And, I hereby certify that I served a true and correct copy of the above-mentioned on September 9, 2019, upon the following person(s) by mailing with the necessary postage affixed thereto:

Dorothy Christensen
8660 W. Pine Valley Lane
Boise, ID 83709

/s/    Crystal    Robertson